Filed 4/17/23  P. v. Grissom CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079450 |
| v. | (Super.Ct.No. RIF10005293) |
| HOWARD DUPREE GRISSOM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge. Affirmed.

Howard Dupree Grissom, in pro. per.; Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Howard Dupree Grissom appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now renumbered to section 1172.6). For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On January 14, 2011, a jury found defendant guilty of attempted voluntary manslaughter under sections 664 and 192, subdivision (a), a lesser included offense to attempted murder under sections 664 and 187, subdivision (a), as charged (count 1).[2] The jury also found true the enhancements that defendant (1) personally used a deadly or dangerous weapon, a knife, under section 12022, subdivision (b)(1); and (2) personally inflicted great bodily injury upon the victim under section 12022.7, subdivision (a).[3]

On the same day, the jury found defendant not guilty of (1) kidnapping to commit rape or robbery under section 209, subdivision (b)(1) (count 2); (2) the lesser included offense of kidnapping under section 207; and (3) robbery under section 211 (count 4). The jury was unable to reach a verdict on false imprisonment under section 236, a lesser

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] On September 29, 2022, defendant filed a request for judicial notice of the records in defendant's appeal from his underlying conviction, case No. E053053. On October 24, 2022, we granted defendant's request for judicial notice.[2] (*People v. Grissom* (Sept. 28, 2012, E053053) [nonpub. opn.] (Opinion).)

[3] The verdict form erroneously stated that defendant was convicted of attempted voluntary manslaughter under sections 663 and 192, subdivision (a). However, the court's minutes, abstract of judgment, and amended abstracts of judgment properly reflect that defendant violated sections 664 and 192, subdivision (a).

included offense of count 2, and rape under section 2220 (count 3). The court declared a mistrial as to these two counts.

Following a bench trial, the court found true that on September 25, 2007, defendant sustained convictions in Nevada for robbery and conspiracy to commit robbery, and that the offenses constituted serious felonies under section 667, subdivision (a)(1), and prior strike convictions under section 667, subdivisions (c) and (e), and 1170.12, subdivision (c)(2)(A).[4]

On February 25, 2011, defendant pled guilty to the lesser included offense of false imprisonment under section 236 in count 2, in exchange for a two-year consecutive sentence, and dismissal of the remaining charges. The court then sentenced defendant to 25 years to life on count 1, one year for the deadly weapon enhancement, three years for the great bodily injury enhancements, five years each for the two prior serious felonies, and a consecutive term of two years on count 2. Defendant filed a timely notice of appeal.

On September 28, 2012, this court modified the trial court's judgment and ordered the five-year enhancement on the second prior serious felony to be stayed. In all other respects, this court affirmed the judgment. (Opinion at *pp. 23-24)

---

[4] Although the two prior felonies had also been alleged as prior prison term enhancements under section 667.5, subdivision (a), the prosecutor elected to proceed solely on the prior serious felony allegations.

3

On June 2, 2022, defendant filed a petition for resentencing under section 1172.6. The trial court appointed defense counsel during the hearing on defendant's petition. After hearing from the parties, the court summarily denied defendant's petition.

Defendant filed a timely notice of appeal. Thereafter, on November 23, 2022, this court dismissed "as abandoned the appeal of the order denying and dismissing appellant's petition under [former] Penal Code section 1170.95 because appointed counsel identified no arguable issue for appeal and appellant declined to file a supplemental brief after being granted leave to do so." Defendant filed a petition for review in the California Supreme Court. On March 15, 2023, the California Supreme Court ordered this court to vacate our November 23, 2022, order. Therefore, on March 17, 2023, this court filed an order stating that "[a]ny party may serve and file in this court a supplemental opening brief within 15 days after the Supreme Court's order transferring the cause to this court."

Both defense counsel and defendant have filed supplemental briefs.

## FACTUAL HISTORY[5]

"Defendant and Jane Doe met each other around May or June 2010 through a mutual friend named Bobby Reyes. Doe was a drug addict; Reyes provided her with drugs. For money, Doe collected cans and bottles for recycling.

"On July 27, 2010, at approximately 1:00 a.m., Doe was in the alley behind defendant's apartment organizing cans and bottles for recycling. Defendant walked up to Doe and they began chatting.

---

[5] The facts are taken from the unpublished opinion in case No. E053053.

4

"Defendant asked Doe if she could get some drugs for him. Doe made a telephone call to get some drugs, but no one answered.

"For the next hour or two, defendant helped Doe collect cans and bottles from dumpsters. Then they went to a convenience store to get some food. Defendant told Doe he had some metal scraps in his apartment she could have to recycle. They returned to defendant's apartment complex. Defendant went upstairs while Doe waited in the truck in an alley. A short time later, defendant returned and put some scrap metal in Doe's truck. Defendant got into the passenger seat of the truck and the two talked.

"Defendant pulled out a knife. He told Doe he had been paid $2,000 to kill her because she 'snitched on Bobby.' He said if he did not kill her, 'they were going to kill him.'

"Defendant told Doe to drive to a certain parking space and, when that proved to be too open to view, directed her to an underground garage.

"Doe told defendant she had kids, and pleaded for her life. He told her he was 'going to get something out of it,' and would let her go if she cooperated. Defendant pointed the knife at Doe's chin and told her to pull down her pants and underwear. She complied. Defendant then had sexual intercourse with Doe. He then told her to pull her pants up and give him her jewelry, which she did.

"Doe asked defendant if he would let her go. He said if he did, they would kill both of them. Defendant cut her neck and stabbed her in her side, puncturing her liver. Doe got out of the truck and ran away, with defendant chasing and grabbing her. When

5

Doe ran in front of an oncoming car to get help, defendant ran away. Doe then ran to a gas station where an employee called 911.

"When defendant was questioned by police (after waiving his Miranda rights) he told them he knew Doe and that they had consensual sex in his apartment on the night of the incident. Later, he and Doe were sitting in her truck when two men appeared with knives. He described one as 'Willie,' and the other as 'the little guy.' Doe got out of the car and talked with Willie, which indicated to defendant that Doe had set him up to be robbed. The little guy held a knife to defendants throat and demanded money. Defendant fought him and grabbed the knife out of the little guy's hand. Doe and Willie then ran towards them. Defendant stabbed 'whoever came in [his] way.' He then dropped the knife and ran to his apartment. He thought he stabbed the little guy. After further questioning, however, defendant admitted he had sex with Doe in the truck and that he stabbed Doe 'on the side somewhere.' "

**DISCUSSION**

Counsel has filed a supplemental brief under the authorities of *People v. Wende* (1979) 25 Cal.3rd 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders v. California* (1967) 386 U.S. 738, appellate counsel has identified the following issue to assist the court in its search of the record for error:

"This Court Should Follow the Procedures Outlined in *People v. Delgadillo*."

On March 20, 2022, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable

6

issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. [Citations.] The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. [Citation.] Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On April 4, 2023, defendant filed a one-page handwritten supplemental brief. In the brief, defendant wrote: "I am writing to the court asking to please consider whether Penal Code 1172.6 (former Penal Code 1170.95[)] applies to me. I am just please asking the courts to consider whether the Penal Code[] applies to [the] convictions for attempted voluntary manslaughter." We hereby address defendant's request.

In this case, at the hearing on the defendant's section 1172.6 petition, the prosecutor stated: "The defendant was a lone actor in a 2011 case. He was convicted . . . of voluntary manslaughter with a personal use of a knife. There are specials regarding a 261.5 and 209 were originally charged. His not guilty verdict was on those two cases only. He later fled. . . . The jury was given nothing regarding aiding and abetting, natural and probable consequences, or felony murder; and [this court's prior unpublished] opinion states that the defendant admitted that, I quote, 'Stabbed her on the side somewhere.' " Defense counsel responded: "Everything that was said was accurate. We submit." Thereafter, the court summarily denied defendant's petition.

Based on the facts of the underlying case, we agree with the trial court that defendant did not qualify for resentencing under section 1172.6; he was the sole perpetrator, and the jury was not given instructions on the theories of aiding and abetting, natural and probable consequences, and felony murder.

Nothing in defendant's or defense counsel's supplemental briefs has raised any arguable issues for reversal on appeal.

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.